UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GROSSMAN ENTERPRISES, LLC, | ECF CASE |
| *Plaintiff*, | No. |
| -against- | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| VISUAL CHINA GROUP CO. LTD d/b/a CORBIS IMAGES; GETTY IMAGES, INC.; BRANDED ENTERTAINMENT NETWORK, INC.; SPLASH NEWS & PICTURE AGENCY, LLC; and DOES 1-10, | |
| *Defendants*. | |

Plaintiff Grossman Enterprises, LLC ("Grossman" or "Plaintiff"), by its attorneys, Cahill

Partners LLP, as and for its complaint against defendants Branded Entertainment Network, Inc.;

News Wrap, Inc., Splash News & Picture Agency, LLC, Visual China Group Co. Ltd., d/b/a

Corbis Images, and Getty Images, Inc.: (together, "Corbis" or "Defendants"), alleges:

**SUMMARY OF THE ACTION**

1.      This lawsuit concerns Defendants' willful and repeated infringement of

Grossman's copyrighted photograph by: (a) reproducing Grossman's photograph, (b) displaying

Grossman's photograph on its website, (c) distributing Grossman's photograph to others, and (d)

selling unauthorized licenses which purportedly grant reproduction rights to third parties in

Grossman's photograph, without Grossman's knowledge or consent.

2.      Grossman was organized in order to preserve and protect the extensive and

valuable photographic archive of Henry Grossman ("Henry" or the "Photographer").

3.      Grossman seeks damages for willful copyright infringement by the Defendants, arising from Defendants' unauthorized use, in violation of the United States Copyright Act, 17 U.S.C. § 101 et seq. (the "Copyright Act"), of Henry's original photograph.

4.      Defendants, without any authorization whatsoever from Plaintiff, reproduced an unauthorized derivative work cropped from Grossman's copyrighted photograph (the "Registered Work").

5.      Defendants, without any authorization whatsoever from Plaintiff, publicly displayed the Registered Work.

6.      Upon information and belief, Defendants, without any authorization whatsoever from Plaintiff, distributed the Registered Work.

7.      Upon information and belief, Defendants profited from the sale of unauthorized licenses to third parties, which purportedly grant them authority to reproduce and further distribute the Registered Work, without any authorization whatsoever from Plaintiff.

8.      The Registered Work is registered in the U.S. Copyright Office as registration number VAu 1-198-322.

9.      Plaintiff is the owner of all copyrights in the Registered Work.

10.     Plaintiff seeks legal and equitable relief to remedy Defendants' willful infringement of Plaintiff's copyrights. Plaintiff requests an order: (1) declaring that Defendants' unauthorized duplication, public display, distribution, and sale of unauthorized licenses in the Registered Work willfully infringes Plaintiff's copyrights in violation of the Copyright Act; (2) prohibiting Defendants from further infringement of Plaintiff's copyrights; (3) requiring the impoundment and destruction of all copies of the Registered Work in Defendants' custody or control; (4) requiring that Defendants provide the identity and source of the copy of the

2

Registered Work; (5) requiring that Defendants provide the names and addresses of any and all persons to whom the Registered Work have been distributed, licensed or sold or by whom orders for such items have been placed, and the details of such sales, licenses, downloads and orders, including dollar amounts; and (6) awarding actual damages and profits, as well as statutory damages and costs, to the extent permitted under the Copyright Act.

## PARTIES, JURISDICTION AND VENUE

11.   Plaintiff Grossman is a New York limited liability company whose principal place of business is located in New York County.

12.   Upon information and belief, Visual China Group Co. Ltd. ("VCG"), purchaser of Corbis Images, doing business as Corbis Images, is a corporation organized under the laws of China, with offices at 2-A Dian Tong Creative SQ, No. 7 Jiuxanqiao N. Rd., Chaoyang District, Beijing, People's Republic of China.

13.   Upon information and belief, Getty Images, Inc., the exclusive licensee (outside of China) of VCG-owned Corbis Images content, is a corporation organized under the laws of Washington, and whose principal places of business are located at 605 Fifth Avenue South, Suite 400, Seattle, Washington 98104 and 75 Varick Street, New York, New York 10013.

14.   Upon information and belief, Defendant Branded Information Network, Inc. ("BIN"), previously known as Corbis Entertainment, is a corporation organized under the laws of the state of Nevada, whose principal places of business are located at 710 Second Avenue, Suite 200, Seattle, Washington, 98104 and 250 Hudson Street, 4th Floor, New York, New York 10013.

15.   Upon information and belief, Splash News & Picture Agency, LLC ("Splash") is a limited liability company organized under the laws of the state of Nevada, whose principal

places of business are located at 710 Second Avenue, Suite 200, Seattle, Washington 98104 and 170 Varick Street, New York, New York 10013.

     16.    This Court has subject matter jurisdiction over this action under the copyright laws of the United States, 17 U.S.C. § 101 et seq. and 28 U.S.C. §§ 1331 and 1338.

     17.    This Court has personal jurisdiction over the Defendants under CPLR § 301 because they all do business in New York and maintain offices in New York.

     18.    This Court has personal jurisdiction over the Defendants under CPLR § 302(a) because this action arises from the transaction of business and tortious activity in New York.

     19.    Venue is appropriate in this district pursuant to 28 U.S.C. §§ 1391(a) and 1391(b) and 28 U.S.C. § 1400(a).

**FACTS**

**The Registered Work**

     20.    Henry Grossman photographed Robert Durst and his (presumed deceased) first wife Kathie Durst in 1981.

     21.    The Registered Work is an original work of authorship.

     22.    The Registered Work has been fixed in a tangible medium of expression.

     23.    The Registered Work contains substantial amounts of material created by Henry Grossman's own artistic judgment and creativity.

     24.    The Registered Work is copyrightable subject matter under the laws of the United States.

     25.    The effective date of registration for the Registered Work is January 9, 2015.

4

**Defendants' Infringement**

26.     Upon information and belief, Defendants had a reasonable opportunity to view the Registered Work because Defendants admitted to counsel for Plaintiffs that Corbis received a copy of the Registered Work from Kathie Durst's brother, Jim McCormack.

27.     Upon information and belief, Defendants began reproducing, displaying, distributing and licensing the Registered Work through its website corbisimages.com on or around February 10, 2015 or earlier, but no earlier than January 10, 2015.

28.     Using websites under their custody and control, Defendants reproduced and publically displayed the Registered Work.

29.     Using websites under their custody and control, Defendants enabled the purchase and download of the Registered Work by site users.

30.     Upon information and belief, Defendants profited from the revenues of such unauthorized activity.

31.     Promptly after becoming aware of Defendants' unauthorized uses of the Registered Work, counsel for Grossman contacted Defendants and advised them that any use of the Registered Work was unauthorized.

32.     Plaintiff has suffered, and continues to suffer, from the infringing activities of the Defendants, including without limitation from (a) Defendants' failure to: (i) *account* for licenses granted, (ii) to *identify* purported licensees of the Registered Work, (iii) failure to *pay* any license fees commensurate with the value of their commercial use of the Registered Work; (b) from the loss of license fees Grossman would have made licensing the Registered Work to third parties

and (c) from Defendants' usurping of Plaintiff's right to control the publication and commercial use of the Registered Work.

**Defendants' Infringing Activities**

33.    Defendants, in their capacity as owner and publisher of the Corbis Images website, were and are in control of the reproduction and display of the Registered Work.

34.    Upon information and belief, Defendants, in their capacity as owner and publisher of the Corbis Images website, were and are in control of the distribution and sale of reproduction licenses of the Registered Work.

35.    Accordingly, upon information and belief, Defendants at all relevant times had actual or constructive knowledge of the infringing actions complained of herein.

36.    Upon information and belief, Defendants at all relevant times supervised and participated materially in the infringing activities complained of herein.

37.    Upon information and belief, Defendants at all relevant times contributed material support to entities and/or individuals who engaged in the infringing activities complained of herein.

38.    Upon information and belief, Defendants at all relevant times had the right to control the infringing activities complained of herein.

39.    Upon information and belief, Defendants at all relevant times had the ability to control the infringing activities complained of herein.

40.    Upon information and belief, Defendants realized or stood to realize a direct financial benefit from the infringing activities complained of herein.

41.     Accordingly, Defendants are either direct or contributory and/or vicarious infringers of Plaintiff's copyrights in the Registered Work and are jointly and severally liable for any damages that may be awarded in this action.

**CLAIM FOR RELIEF**
**(Copyright Infringement)**

42.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

43.     Plaintiff is the copyright owner of Plaintiff's Registered Work.

44.     Plaintiff's Registered Work is an original work of authorship.

45.     Plaintiff's Registered Work has been fixed in a tangible medium of expression.

46.     Plaintiff's Registered Work contains substantial amounts of material created by Henry's own artistic judgment and creativity.

47.     Plaintiff's Registered Work is copyrightable subject matter under the laws of the United States.

48.     Defendants' unauthorized copying of Plaintiff's Registered Work, and its subsequent reproduction and public display of the Registered Work are infringements of Plaintiff's copyrights in the Registered Work in violation of the Copyright Act, 17 U.S.C. § 106.

49.     Defendants' distribution of the Registered Work is an infringement of Plaintiff's copyrights in the Registered Work in violation of the Copyright Act, 17 U.S.C. § 106.

50.     Defendants' unauthorized licensing of the right to reproduce the Registered Work is an infringement of Plaintiff's copyrights in the Registered Work in violation of the Copyright Act, 17 U.S.C. § 106.

51.     As a direct and proximate result of Defendants' foregoing acts, the Plaintiff has been damaged in an amount to be proved at trial.

**WHEREFORE**, Plaintiff demands judgment as follows:

A.      Declaring, pursuant to 28 U.S.C. §§ 2201 and 2202, that Defendants' conduct constitutes direct, contributory and vicarious infringement of Plaintiff's copyrighted Registered Work in violation of the Copyright Act;

B.      Awarding Plaintiff, at its election, either (i) the actual damages suffered Plaintiff and the profits derived by Defendants as a result of their infringing activities under the Copyright Act, 17 U.S.C. § 504(b), or (b) statutory damages in the maximum amount of $150,000 for each infringement under 17 U.S.C. § 504(c);

C.      Granting a permanent injunction requiring Defendants to cease and desist from reproducing, distributing, selling and displaying the Registered Work or the Unauthorized Derivative Work or any of Plaintiff's copyrighted work without authorization from Plaintiff;

D.      Ordering the impoundment and destruction of all copies of the Registered Work and the Unauthorized Derivative Work in the custody or control of Defendants;

E.      Awarding Plaintiff prejudgment interest, the costs of this action, and its reasonably incurred attorney's fees; and

F.      Awarding such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

Pursuant to Fed. R. Civ. P. 38(b), Grossman demands a trial by jury.

Dated:   New York, New York
        October 18, 2016

                             **CAHILL PARTNERS** LLP

                               ___s/_Ronald W. Adelman_____
                               John R. Cahill
                               Amy J. Goldrich
                               Ronald W. Adelman
                               70 West 40th Street
                               New York, New York 10018
                               (212) 719-4400

                               *Attorneys for Plaintiff*